UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Cr. No. 00-130(01)(MJD)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>JAMES BENJAMIN CHARLES,<br><br>Petitioner. | GOVERNMENT'S RESPONSE TO PETITIONER'S LETTER DATED JANUARY 3, 2006 |

This memo is submitted in response to Mr. Charles' letter dated January 3, 2006, in which he essentially argues his defense attorney, Mr. Leon Trawick, Esq., provided ineffective assistance of counsel.

By way of background, Mr. Charles submitted a letter to this Court dated July 31, 2005 requesting a downward departure from his 2001 sentence for bank robbery. The government responded by letter dated September 27, 2005. The Court appointed counsel for Mr. Charles, and that counsel, Mr. Trawick, submitted his analysis to the Court by letter dated January 3, 2006. At approximately the same time, Mr. Charles wrote a letter to the Court, which is the subject of this memorandum.

Mr. Charles' January 3, 2006 letter alleges that Mr. Trawick was ineffective in his representation of the defendant in the underlying criminal matter for several reasons, including not only the cooperation issue, but also that "he allowed me to be sentenced to a two point enhancement for an Obstruction of Justice charge...". See Mr. Charles' letter, pages 1 and 2. He also

alleges violation of his Fifth, Fourteenth and Sixth Amendment rights. While the government vigorously disputes the allegations that Mr. Trawick was ineffective, the Court should not even consider the issue.

By this letter, Mr. Charles is now attacking his sentence and alleging ineffective assistance of counsel, therefore he is making a claim under § 2255. See U.S. v. Lambros, 404 F.3d 1034 (8th Cir. 2005) (it is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2255 action by proporting to invoke some other procedure); see also U.S. v. Patton, 309 F.3d 1093 (8th Cir. 2002).

Mr. Charles previously filed a petition under § 2255 in which, among other things, he made the same argument that he makes here concerning the two point enhancement for obstruction of justice and alleging that his counsel was "ineffective" for failing to object to that enhancement. This Court rejected the argument, and denied the § 2255 by Order dated May 28, 2002, a copy of which is attached.

Accordingly, the arguments made by Mr. Charles in his January 3, 2006 letter attacking his sentence should be denied for two separate reasons. First, as to the obstruction of justice argument itself, this has already been decided by this Court. Second, as to all the arguments, he cannot bring a successive § 2255 petition without first obtaining authorization from the Eighth Circuit to do

so. 28 U.S.C. § 2244(b)(3); Boyd v. U.S., 304 F.3d 813, 814 (8th Cir. 2002)((per curiam) (if Rule 60(b) motion is actually successive habeas petition, Court should dismiss it for failure to obtain authorization from court of appeals, or in its discretion, transfer motion to court of appeals).

## CONCLUSION

For all the above reasons the arguments made by Mr. Charles in his January 3, 2006 letter attacking his sentence should be rejected as an attempt to file a successive habeas petition.

Dated: January 30, 2006

Respectfully submitted,

THOMAS B. HEFFELFINGER
United States Attorney

s/James E. Lackner
BY: JAMES E. LACKNER
Assistant U.S. Attorney
Attorney ID Number 59298