**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

Respondent,

v.

JAMES BENJAMIN CHARLES,

Petitioner.

Criminal No. 00-130 (MJD/ESS)
Civil No. 01-2322 (MJD)

**ORDER**

This matter is before the Court on a motion to vacate, set aside, or correct Petitioner's sentence pursuant to 28 U.S.C. § 2255. Petitioner asserts that he had ineffective assistance of counsel and that his sentence was unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000). For the reasons set forth below, the Court finds that Petitioner's Motion must be denied.

**Background**

Petitioner was charged with armed bank robbery in violation of 18 U.S.C § 2113 (a) and (d) and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1). On July 31, 2000, the Petitioner entered into a plea agreement with the government. The Petitioner agreed to plead guilty to the armed bank robbery charge in exchange for the government dismissing the second charge of using a firearm during a crime of violence. The Petitioner reserved the right to withdraw from the agreement if the Court found the Petitioner a career offender under U.S.S.G. § 4B1.1.

MAY 29 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

The Court accepted the plea agreement and the Petitioner was sentenced on December 13, 2000. The Petitioner was subject to U.S.S.G. § 3C1.1, obstruction of justice, for his attempted escape from custody on July 22, 2000. The Court found Petitioner a career offender under U.S.S.G. § 4B1.1. Upon being informed that he would be sentenced as a career offender, Petitioner chose not to withdraw from the plea agreement. Under the Sentencing Guidelines, Petitioner had an offense level of 34 and a criminal history range of VI. Petitioner gained a 3 level reduction for acceptance of responsibility, resulting in a total offense level of 31. This subjected him to a term of imprisonment between 188 and 235 months. Petitioner was sentenced to 188 months of imprisonment, 5 years of supervised release, and ordered to pay $7848.00 in restitution. Petitioner did not appeal his sentence.

On December 11, 2001, Petitioner filled a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.

**Analysis**

A petition filed pursuant to 28 U.S.C. § 2255 is not a substitute for a direct appeal. See Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994). "A petitioner . . . cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." Id. Collateral relief under § 2255 may be available for claims not raised on direct appeal if they involve constitutional or jurisdictional issues. Id. To obtain relief, the Petitioner must show cause for his procedural default and actual prejudice resulting from the errors of which he complains.

See Reid v. United States, 976 F.2d 446, 448 (8th Cir. 1992), citing United States v. Frady, 456 U.S. 152, 168 (1982).

Ineffective assistance of counsel is an attack on the Sixth Amendment right to counsel, a constitutional issue, permissible under § 2255. See Anderson, 25 F.3d at 706. For purposes here, it will be assumed Petitioner's Apprendi claim is also permissible under § 2255. Thus Petitioner's motion will be addressed on its merits.

**A. Apprendi**

Petitioner argues that the increases in his sentence because of his career offender status under U.S.S.G. § 4B1.1 and obstruction of justice under U.S.S.G. § 3C1.1 were impermissible under Apprendi v. New Jersey, 530 U.S. 466 (2000). Apprendi held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the statutory maximum* must be submitted to the jury, and proved beyond a reasonable doubt." Id. at 490 (emphasis added).

Petitioner pled guilty to armed bank robbery in violation of 18 U.S.C. § 2113 (a) and (d). Under that statute, Petitioner faced a maximum sentence of twenty-five years of imprisonment. See 18 U.S.C. § 2113(d). Petitioner's sentence is below this statutory maximum, thus there is no Apprendi violation. See United States v. Simms, 285 F.3d 1098, 1100 (8th Cir. 2002).

**B. Ineffective Assistance of Counsel**

Petitioner argues that his prior convictions and obstruction of justice are essential elements of the charged crime because they increased his sentence, and thus had to be

included in the indictment under Apprendi. In turn, Petitioner claims that his lawyer's failure to object to this deficiency in the indictment amounted to ineffective assistance of counsel.

To succeed on a claim of ineffective assistance of counsel pursuant to 28 U.S.C. § 2255, Petitioner must show that his "counsel's representation was deficient and that the deficient performance prejudiced [his] case." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000), citing Cheek v. United States, 858 F.2d 1330, 1336 (8th Cir. 1988). If a petitioner cannot prove prejudice, whether a counsel's performance was deficient need not be addressed. See DeRoo, 223 F.3d at 925. "To establish prejudice, the Petitioner must prove a reasonable probability exists that, but for counsel's errors, the result of the proceeding would have been different." Id.

Petitioner's claim fails as a matter of law. First, neither prior convictions nor obstruction of justice are elements of the crime on which the defendant was indicted and pled guilty. See 18 U.S.C. § 2113 (a) and (d). Rather they are sentencing guideline issues. See U.S.S.G. §§ 3C1.1 & 4B1.1. Second, as discussed above, Apprendi does not apply to the Petitioner's situation because his sentence falls below the statutory maximum. See Simms, 285 F.3d at 1100; see also United States v. DeSumma, 272 F.3d 176, 181 (3rd Cir. 2001) (holding the same in the context of obstruction of justice sentencing enhancement). Moreover, the rule of Apprendi does not apply to prior convictions. See United States v. Peltier, 276 F.3d 1003, 1006 (8th Cir. 2002). Accordingly, Petitioner's ineffective assistance of counsel claim is without merit.

## C. Certificate of Appealability

The Court has also considered whether issuance of a Certificate of Appealability ("COA") is appropriate. See Tideman v. Benson, 122 F.3d 518 (8th Cir. 1997). In that context, the Court concludes that no issue raised is "debatable among reasonable jurists." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citation omitted). Petitioner has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for issuance of a COA. 28 U.S.C. § 2253(c)(2).

## Conclusion

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Petition filed pursuant to 28 U.S.C. § 2255 (Clerk Doc. No. 60) is **DENIED**; and
2. No Certificate of Appealability will be issued in this case.

Dated: May 28, 2002

Michael J. Davis
Michael J. Davis
United States District Court Judge