**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JAMES BENJAMIN CHARLES,

Petitioner,

v. **MEMORANDUM OF LAW & ORDER**
Criminal File No. 00-130 (MJD/ESS)

UNITED STATES,

Respondent.

---

James Benjamin Charles, pro se.

James E. Lackner, Assistant United States Attorney, Counsel for Respondent.

---

## I. INTRODUCTION

On January 17, 2006, Petitioner James Benjamin Charles wrote a letter to the Court alleging that his counsel was ineffective during his sentencing in 2001 and requesting a hearing and resentencing. [Docket No. 79] The Court interprets Charles's letter as a petition under 28 U.S.C. § 2255.

## II. FACTUAL BACKGROUND

Charles was charged with armed bank robbery in violation of 18 U.S.C. § 2113(a), (d), and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1). On July 31, 2000, Charles pled guilty to the armed bank

robbery charge and the charge of use of a firearm during a crime of violence was dismissed.

On December 13, 2000, the Court sentenced Charles to 188 months imprisonment, to be followed by five years supervised release, and $7,848.00 in restitution. Charles's offense level included an enhancement for obstruction of justice for his attempted escape from custody. The Court also found that Charles was a career offender. Charles did not appeal his sentence.

On December 11, 2001, Charles filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Charles argued that the Court impermissibly increased his sentence based his career offender status and his obstruction of justice in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). He also asserted that his attorney's failure to object to these enhancements constituted ineffective assistance of counsel. The Court denied Charles's petition on May 28, 2002. The Court also declined to issue a certificate of appealability.

Beginning in the summer of 2005, the Court received multiple letters from Charles regarding his alleged assistance to the Government. On September 28, 2005, the Court appointed Charles's former counsel to represent him in relation to this issue. The Government responded to Charles's letters, and Charles's counsel also provided letters to the Court.

On January 17, 2006, Charles submitted a letter to the Court firing his

appointed counsel and claiming that his counsel was ineffective during his original sentencing. The Court interprets this January 17 letter as a § 2255 motion to vacate, set aside, or correct Petitioner's sentence.

**III. DISCUSSION**

Charles has already filed a § 2255 motion challenging his sentencing on the basis of ineffective assistance of counsel. That motion was denied. [Docket No. 65] Accordingly, the Court treats this motion as a successive motion under § 2255. Although Charles's January 17 letter does not explicitly invoke § 2255, the Court interprets his allegations that his original sentence was illegal due to ineffective assistance of counsel as a motion under § 2255. See United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005) (holding that a defendant cannot bypass the bar on filing successive § 2255 actions by purporting to invoke another procedure).

Charles cannot file a second § 2255 motion unless he obtains certification from "a panel of the appropriate court of appeals [that his motion] contain[s] (1) newly discovered evidence . . . or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255. Because Charles has failed to obtain the required certification, the Court dismisses his petition. Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002).

**IT IS HEREBY ORDERED** that:

Charles's Motion under 28 U.S.C. § 2255 [Docket No. 79] is **DENIED**.

Dated: April 14, 2006

s / Michael J. Davis
Judge Michael J. Davis
United States District Court