UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

JAMES BENJAMIN CHARLES,

          Petitioner,

v.                              **MEMORANDUM OF LAW & ORDER**
                               Criminal File No. 00-130 (MJD/ESS)

UNITED STATES,

          Respondent.
_____

James Benjamin Charles, pro se.

James E. Lackner, Assistant United States Attorney, for Respondent.
_____

## I.  INTRODUCTION

This matter is before the Court on Petitioner James Benjamin Charles's Request for a Certificate of Appealability pursuant to 28 U.S.C. § 2253 and application to proceed in forma pauperis. On January 17, 2006, Petitioner wrote a letter to the Court alleging that his counsel ineffective during his sentencing in 2001. [Docket No. 79.] Petitioner requested a hearing and resentencing. The Court interpreted Charles's letter as a petition under 28 U.S.C. § 2255, and denied it as a successive motion under § 2255.

1

II.  BACKGROUND

Charles was charged with armed bank robbery in violation of 18 U.S.C. § 2113(a), (d), and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1).  On July 31, 2002, he pled guilty to the bank robbery charge and the use of a firearm charge was dismissed.  On December 13, 2000, Charles was sentenced to 199 months imprisonment to be followed by five years supervised release and $7,848.00 in restitution.  Charles's offense level included an enhancement for obstruction of justice for his attempted escape from custody.  Charles did not appeal this sentence.

On December 11, 2001, Charles filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  Charles argued that the Court impermissibly increased his sentence based on his career offender status and his obstruction of justice in violation of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  He also assert that his attorney's failure to object to these enhancements constituted ineffective assistance of counsel.  The Court denied Charles's petitioner and declined to issue a certificate of appealability.

On January 17, 2006, Charles submitted a letter to the Court again alleging that his counsel was ineffective during his sentencing.  The Court interpreted the January 17 letter as a § 2255 motion to vacate, set aside, or

correct his sentence, and on April 14, 2006, denied the motion. [Docket No. 80.]

Petitioner now asks the Court to issue a COA in order to "be able to appeal the same issues there-in . . . ." Request for COA; [Docket No. 83.] Petitioner also requests that he be allowed to proceed in forma pauperis. [Docket No. 81.]

II.  DISCUSSION

    A.  Request for a Certificate of Appealability

A prisoner is not permitted to appeal a final order in a habeas corpus proceeding without first securing a COA. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not be granted simply because the appeal is pursued in good faith and raises a non-frivolous issue. See Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir.1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate under 28 U.S.C. § 2253"). Instead, the prisoner must satisfy a higher standard, showing that the issues to be raised on appeal are debatable among reasonable jurists, "that different courts could resolve the issues differently,"

3

or that the issues otherwise warrant further review.  Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994) (citing Lozado v. Deeds, 498 U.S. 430, 432, (1991) (per curiam)); see also Cox v. Norris, 133 F.3d 565, 569 (8th Cir.1997), cert. denied, 525 U.S. 834 (1998).

When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam).  See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'") (citation omitted).

In seeking a COA, Charles does not contest the finding that his petition is barred as successive under § 2255, unless he obtains certification from "a panel of the appropriate court of appeals [that his motion] contain[s] (1) newly discovered evidence . . . or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255.  It is undisputed that Charles has not satisfied either requirement in seeking to again challenge his sentencing.  Rather, he merely restates his underlying claims in his application for a COA.  After again considering the record in this matter, the Court deems the issues raised by Petitioner are not

debatable among reasonable jurists, and Petitioner's request for a COA must be denied.

### B. Application to Proceed Without Prepayment of Fees

In his application to proceed IFP, Charles fails to provide any financial information upon which the Court could make a determination as to whether he is financially eligible for IFP status. Charles does assert that he has "been allowed to proceed as such in all former proceedings[,]" but a search of the Court's records turns up no applications for IFP status, let alone the grant of any such requests. See Charles v. U.S.A., 01-CV-2322 (MJD/JGL); United States v. Charles, 00-CR-130 (MJD/ESS); Charles v. State of Minnesota, 98-CV-1348 (DWF/JGL). Without sufficient information the Court cannot rule on Charles's request at this time. Charles will be allowed 30 days from the date of this order to submit financial information enabling the Court to make a determination on his request for IFP status. If he fails to submit the necessary information within that time, his request will be denied.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

    1. Petitioner's request for a Certificate of Appealability [Docket No. 83] is **DENIED**;

2. Petitioner is direct to submit financial information relative to his application to proceed in forma pauperis status within 30-days of the date of this Order. If Petitioner fails to comply, his application to proceed in forma pauperis will be denied.

Dated: _July 5, 2006___

                                        __s/Michael J. Davis__
                                        Michael J. Davis
                                        United States District Court Judge