UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 00-130 MJD

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S RESPONSE TO |
| | ) | DEFENDANT'S MOTION TO |
| v. | ) | DEFER RESTITUTION |
| | ) | PAYMENTS |
| JAMES BENJAMIN CHARLES, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on defendant's motion to defer payment of restitution while he is incarcerated. As defendant has failed to show either improper delegation to the Bureau of Prisons or a material change in economic circumstances since his December, 2000, sentencing, that motion should be denied.

## FACTS

On December 13, 2000, this Court sentenced defendant on an armed robbery conviction to a term of 188 months imprisonment and ordered him to pay $7,848 in restitution and a special assessment of $100. Both the restitution and special assessment were ordered to be paid in full immediately and jointly and severally with co-defendant, Paula Carter. See Judgment and Commitment Order attached as Exhibit 1 to the Declaration of C. Ann Dasovich. Since that time, defendant

has made payments of $25 per quarter through the Bureau of Prisons Inmate Financial Responsibility Program. See Payment History attached as Exhibit 2 to the Dasovich Declaration. After deducting payments made by defendant and by co-defendant, Paula Carter, and after adding delinquency and default penalties, the balance due is $8,041.26. Id.

DISCUSSION

Defendant appears to make two arguments here: first, that this Court improperly delegated to the Bureau of Prisons the determination of a restitution payment plan and, second, that his payment plan of $25 per quarter should be modified. Both arguments fail.

1. There is no impermissible delegation to the Bureau of Prisons to set defendant's payment schedule.

Defendant asserts that this Court improperly delegated the determination of a payment plan to the Bureau of Prisons. See Defendant's Motion to Defer Restitution Payments During Term of Supervised Release, Instead of During Term of Imprisonment, filed October 20, 2006 ("Defendant's Motion"). Defendant is mistaken. The Court did establish a payment plan in ordering that the restitution and special assessments were to be paid in full immediately. The cases defendant cites are

inapposite. See Defendant's Motion at p. 2. In those cases, the sentencing courts failed to set payment terms, deferring instead to the Bureau of Prisons or U.S. Probation to set a payment plan. See United States v. Miller, 77 F.3d 71 (4th Cir. 1996)(ordering payment at such times and in such amounts as directed by the Bureau of Prisons or Probation); United States v. Porter, 41 F.3d 68 (2nd Cir. 1994)(giving discretion to the Probation Office to establish a payment plan).

United States v. Davis, 306 F.3d 398, 424-26 (6th Cir. 2002) is equally distinguishable. In that case, *on direct appeal from his conviction*, defendant argued that the district court improperly failed to consider his financial condition when making a payment order and instead allowed the Bureau of Prisons to set a payment plan. Here, on the other hand, defendant has not raised the issue on direct appeal. He makes this motion to modify his payment order nearly six years after he was sentenced. In addition, this Court did not fail to make a payment order. The restitution was ordered payable immediately. See Judgment and Commitment Order. See also 18 U.S.C. § 3664(f)(3)(A) and (b) (noting that defendant may be ordered to pay the amount owed in a single lump sum, in periodic payments or, if circumstances warrant, in nominal

periodic payments). Because defendant did not pay as ordered, restitution is being collected in periodic payments through the Inmate Financial Responsibility Program. There is simply no impermissible delegation in this case.

2. Defendant's contention that his payments should be modified fails to meet the statutory test.

In order to seek modification of a restitution payment order, a defendant must show "material change in economic circumstance that might affect [his] ability to pay restitution." 18 U.S.C. § 3664(k). Defendant fails to make any such showing. His moving papers specify no change, let alone a material change in his economic circumstances. Defendant is in the same situation as other inmates, earning minimal hourly wages, who must make $25 quarterly payments to the victims of their crimes. He does not meet the statutory standard for modification of a payment order.

## CONCLUSION

Since there was no improper delegation in establishing the payment order and because defendant does not show material

change in economic circumstance since the time of sentencing, his motion to defer restitution should be denied.

Dated: October _30_, 2006

Respectfully submitted,

RACHEL K. PAULOSE
United States Attorney

*s/M. Trippler*
BY: MARY L. TRIPPLER
Assistant U.S. Attorney
Attorney I.D. No. 110887
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415

ATTORNEYS FOR PLAINTIFF