UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 00-130 MJD

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION TO DEFER RESTITUTION PAYMENTS |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES BENJAMIN CHARLES, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has requested a supplemental response by plaintiff United States to defendant's motion to defer restitution payments on the issue of a set of rings apparently purchased with some of the money from the bank robbery for which defendant was convicted. This memorandum and the accompanying declaration of FBI Special Agent James Walden set for the facts regarding the rings. In addition, the government provides herein additional information on defendant's participation in the Inmate Financial Responsibility Program ("IFRP") through the Declaration of Kris Robl, defendant's case managers at the Federal Correctional Institution at Herlong, California.

1. The rings. At the sentencing hearing, defendant's attorney, Leon Trawick, raised the issue of whether the value of the set of rings purchased with a portion of the proceeds of the bank robbery had been factored into the restitution owed. See Transcript of Sentencing,

dated December 13, 2000, at T31.[1] Paul Murphy, on behalf of the government, indicated that, the government had not yet received the rings, value at most at about $200, but that, if the government got the rings, it would make certain that the value would be credited to restitution. Id. at T32. The Court stated that the government would make a "good faith effort to make sure that restitution amount is transmitted to the Court and to probation and the Bureau of Prisons." Id.

According to the government's files, Paul Murphy was notified by Probation Officer Gail Smith that Paula Carter told her that the rings had been pawned three months previously at Pawn America in St. Paul. On December 15, 2000, Paul Murphy asked SA Walden to determine what was necessary to get the rings returned. SA Walden contacted Pawn America and learned that the rings had been pawned several months earlier for $41.50 under the name of Jesse Guvara and that, as of November 13, 2000, were no longer retrievable. See Declaration of SA James Walden.

This is not a case in which, as defendant asserts in his response, the government is seeking to collect more restitution than defendant owes. See Defendant's Response to Plaintiff's Response to Defendant's Motion to Defer Restitution Payments ("Defendant's Response") at p. 4. As the Court requested at sentencing, the government made a good faith effort to obtain the rings so that they could be credited toward defendant's restitution debt. However, the rings were pawned and were no longer retrievable to be sold and credited

[1]Copies of the relevant pages of the Sentencing Transcript are attached hereto for the Court's convenience.

toward restitution. See Walden Declaration. Defendant's request that the Court "enforce its authority to have this error corrected" should be denied. See Defendant's Response at p. 4.

2. IFRP payments. Defendant also requests that his IFRP payment of $25 per quarter be deferred to allow him to take college and vocational classes. Defendant's Response at p. 2-4. Neither defendant's enrollment in college classes nor his participation in vocational training constitute a material change in circumstances within the meaning of 18 U.S.C. § 3664(k). See Robl Declaration. The college classes are offered only as independent study and will not interfere with defendant's work assignment. Id. Defendant draws institutional pay while attending carpentry vocational training as the training is considered work-related. Id. He simply fails, therefore, to meet his burden of showing material change in circumstances within the meaning of § 3664(k). Cf. United States v. Surber, 2004 WL 729178 (7th Cir., March 24, 2004) (noting that defendant's desire to save money while in prison to better facilitate entry into society did not constitute material change in circumstances).

Dated: *December 7, 2006*

Respectfully submitted,

RACHEL K. PAULOSE
United States Attorney

*s/M. Trippler*

BY: MARY L. TRIPPLER
Assistant U.S. Attorney
Attorney I.D. No. 110887
300 South 4th Street
Minneapolis, Minnesota 55415