IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff | ) | |
| vs. | ) | Criminal No. 00cr130 |
| JAMES BENJAMIN CHARLES Defendant. | ) | |

DECLARATION OF KRIS ROBL

1. I, Kris Robl, do hereby declare that I am a Case Manager at the United States Department of Justice, Federal Bureau of Prisons facility known as the Federal Correctional Institution in Herlong, California (FCI Herlong). I have held this position since September 2005, and I have been employed with the Bureau of Prisons since September 2002. Currently, I am a Case Manager in the Work Cadre Unit at FCI Herlong.

2. As a Case Manager at FCI Herlong, my responsibilities include, but are not limited to, conducting team evaluations for inmates, classification of inmates, administering the Inmate Financial Responsibility Program (IFRP), coordination of various unit programs, coordinating release preparation, and generally administering programs to inmates assigned to my caseload.

3. I am familiar with the defendant, James Charles, Federal Register number [redacted], as he is an inmate assigned to the Work Cadre Unit at FCI Herlong. Mr. Charles is assigned to my caseload.

4. I understand Mr. Charles is challenging the manner in which his IFRP payments have been calculated and is requesting the Court specify a restitution payment as he believes he has experienced, or will be soon experiencing, a material change in his economic circumstances when he begins taking college courses.

5. Program Statement 5380.07, Financial Responsibility Program, Inmate, states that the Bureau of Prisons encourages each sentenced inmate to meet his or her legitimate financial obligations. As part of the initial classification process, staff will assist the inmate in developing a financial plan for meeting these obligations. Unit Staff shall review all available documentation including, but not limited to, the Presentence Investigation (PSI) and the Judgment and Commitment Order. Based on the directive from the Court concerning when an obligation should be collected, payments may begin during an inmate's period of incarceration. The inmate is responsible for making satisfactory progress in meeting his financial responsibility plan. At each program review, when reviewing the inmate's financial plan, the Unit Team must determine the total funds deposited into the inmate's trust fund account for the previous six months. The Unit Team must subtract the Inmate Financial Responsibility Program ( IFRP) payments made during the previous six months and $450.00 (or $75.00 a month) for the Inmate Telephone System (ITS) exclusion. The minimum payment, irrespective of the amount deposited in the inmate's trust fund account, for non-Unicor inmates will be $25.00 per quarter.

6. Inmates may refuse to participate in the IFRP. However, an inmate's refusal to participate in the IFRP makes him ineligible to participate in certain Bureau programming such as furloughs and other community-based programs and certain work details. Inmates who refuse may only be paid at maintenance pay levels instead of higher Performance Pay levels. Inmates refusing to participate in IFRP are also subject to commissary spending limitations and lowest housing status. There are also limited circumstances wherein an inmate can be temporarily exempted from participating in the IFRP. This temporary exemption is ordinarily a result of a

medical or psychological restriction preventing the inmate from working. Attached to this declaration as Attachment A is a true and correct copy of Program Statement 5380.08, Financial Responsibility Program, Inmate.

7. Mr. Charles was found guilty of Armed Bank Robbery and was sentenced on December 13, 2000, to a term of 180 months imprisonment by United States District Court Judge Michael J. Davis. Mr. Charles was also ordered him to pay a special assessment of $100.00 and restitution in the amount of $7,848.00 with payment due during the period of incarceration. Attached to this declaration as Attachment B is a true and correct copy of Mr. Charles' Judgment and Commitment Order.

8. Mr. Charles was designated to FCI Herlong and arrived here on June 30, 2006. On July 18, 2006, I, along with other members of his Unit Team, conducted an Initial Classification/Program Review with Mr. Charles wherein we discussed various issues surrounding his incarceration, including his financial obligation, and a payment plan to meet those obligations. Mr. Charles has participated in a Program Review every six months, most recently on July 18, 2006. A review of Mr. Charles' trust fund account during the July 18, 2006, Program Review revealed that he had received $126.57 in deposits the previous six months and that he had made two, $25.00 quarterly payments toward his restitution during this same period.[1] Attached to this declaration as Attachment C is a true and correct copy kept in the ordinary course of business, of Mr. Charles' Program Review Report.

---

[1]Mr. Charles currently receives $45.68 per month in Performance Pay from his institution work assignment. He has also received approximately $ 370.00 in additional deposits into his inmate trust fund account in the past six months.

9. As required by policy, the two, $25.00 quarterly payments toward his restitution and $450.00 for the ITS exclusion were subtracted from the $126.57 deposited into Mr. Charles' inmate trust fund account which resulted in a negative balance of $373.43. The negative $373.43 was the amount available for consideration in determining Mr. Charles' payment plan. This amount placed Mr. Charles in the IFRP category requiring the minimum payment of $25.00 per quarter. Mr. Charles has been in the minimum payment category since his financial status was first reviewed at FCI Hurlong in July of 2006. Mr. Charles signed the Inmate Financial Contract on July 18, 2006. As his status has not changed, that contract remains in effect. Attached and to this declaration as Attachment D is a true and correct copy of Mr. Charles' current Inmate Financial Contract.

10. Mr. Charles is scheduled for his next Program Review on or about January 9, 2007. At that time, his IFRP financial payment plan will be reviewed again. Another review of the previous six months of deposits will also occur during this review and any necessary adjustments to his IFRP payment plan will come about at that time.

11. I understand that Mr. Charles believes that his ability to participate in his institution work assignment will be interfered with as a result of his participation in a carpentry vocational training program and college courses, thereby affecting his ability to continue making $25 quarterly IFRP payments. On November 20, 2006, Mr. Charles began participation in the carpentry vocational training program. While the vocational training class does involve three hours of class time each day, Monday through Friday, inmates, including Mr. Charles, receive their regular work assignment pay during this time as the classes are work related. With regard

to the college courses Mr. Charles intends to begin in January 2007, these courses are only offered in an independent study forum. Accordingly, neither the carpentry vocational training program nor the college courses will interfere with Mr. Charles' ability to participate in an institution work assignment and earn pay accordingly.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 5TH day of December, 2006.

Kris Robl, Case Manager
Federal Correctional Institution
Herlong, California