**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

UNITED STATES OF AMERICA,

Plaintiff,

v. **MEMORANDUM OF LAW & ORDER**
Criminal File No. 00-130(1) (MJD/ESS)

(1) JAMES BENJAMIN CHARLES,

Defendant.

---

Mary L. Trippler, Assistant United States Attorney, Counsel for Plaintiff.

James Benjamin Charles, pro se.

---

## I. INTRODUCTION

This matter is before the Court on Defendant James Benjamin Charles' Motion to Defer Restitution Payments During Time of Supervised Release, Instead of During Term of Imprisonment. [Docket No. 90]

## II. FACTUAL BACKGROUND

On July 31, 2000, Charles pled guilty to armed bank robbery in violation of 18 U.S.C. § 2113(a), (d). On December 13, 2000, the Court sentenced Charles to 188 months imprisonment, to be followed by five years supervised release. The Court also ordered Charles to pay a $100 special assessment and $7,848.00 in

restitution. The Judgment and Commitment Order, under the heading "Schedule of Payments," stated: "Payments of the total fine and other criminal monetary penalties shall be due as follows: in full immediately." Charles did not appeal his sentence. Charles has filed two motions under 28 U.S.C. § 2255, both of which were denied.

Since Charles has been in prison, the Bureau of Prisons Inmate Financial Responsibility Program has applied to him, forcing him to make payments of $25.00 per quarter. After deducting payments made by Charles and his co-defendant, Paula Carter, and adding delinquency and default penalties, the balance of restitution due is $8,041.26.

Charles now requests that the Court defer his restitution payments until he is released from prison onto supervised release.

## III. DISCUSSION

### A. Deferment of Restitution

Charles asserts that the Bureau of Prisons schedule requiring him to pay $25.00 per quarter does not leave him enough to live on because his prison pay rate is low. He asserts that if he fails to comply with the Bureau of Prisons schedule, he will be placed on restriction as punishment. Charles' argument can be interpreted as an assertion that the Court erred when it initially set Charles' payment schedule or as a request that the Court modify his payment schedule.

The Court addresses both possibilities.

### 1. Whether the Court Improperly Delegated to the Bureau of Prisons

First, Charles claims that the Court improperly delegating the restitution payment plan to the Bureau of Prisons. In fact, the Court did establish a payment plan when it ordered that the restitution and special assessment be paid in full immediately. See 18 U.S.C. § 3664(f)(3)(A), (B) (noting that the defendant may be ordered to pay amount owed in single lump sum, in periodic payments, or, if circumstances warrant, in nominal periodic payments). Because Charles has failed to pay as ordered by this Court, the restitution is now being collected in periodic payments through the Inmate Financial Responsibility Program.

The cases relied upon by Charles for the proposition that the Court impermissibly delegated its duty to establish a payment plan are inapposite. In two of those cases, the sentencing courts wholly failed to set payment terms and deferred instead to the Bureau of Prisons or the Probation Office. See United States v. Miller, 77 F.3d 71, 74, 77-78 (4th Cir. 1996) (vacating restitution order that ordered payment at such times and in such amounts as directed by the Bureau of Prisons or Probation); United States v. Porter, 41 F.3d 68, 69 (2d Cir. 1994) (vacating restitution order when sentencing court stated "discretion will be given to the probation office to set a schedule of repayment with respect to the full amount of restitution . . . but again, the discretion as to how and in what

amounts, that is to be determined by the probation officer in this case"). In this case, the Court did not grant discretion to the Probation Office to set Charles' payment schedule. The Court set his schedule: his payment was due immediately in a lump sum.

Another case cited by Charles, United States v. Davis, 306 F.3d 398, 424-26 (6th Cir. 2002), dealt with a defendant's challenge, on direct appeal from his conviction, to the district court's finding regarding his financial condition. In contrast, in this case, the Court set a specific payment plan - immediate payment - and Charles did not challenge the Court's order on direct appeal. He is now making a motion to modify his payment order almost six years after he was sentenced. Charles did not appeal the Court's sentencing order that his restitution was to be paid immediately. The Court's finding that Charles was financially capable of paying the restitution is unchallenged.

**2. Whether Charles's Restitution Order Should Be Modified**

In Charles' response, he asserts that his is not claiming any error by this Court, but, instead, requests that the Court exercise its mercy and impose a more reasonable and achievable payment schedule. Charles requests that the Court enter an order establishing a payment schedule for the unpaid balance of the restitution to begin ninety days after supervised release.

In order to seek modification of a restitution payment order, a defendant

must show a "material change in economic circumstance that might affect [his] ability to pay restitution." 18 U.S.C. § 3664(k). Upon receipt of such notice, the Court may adjust the payment schedule "as the interests of justice require." Id.

Charles states that he pays for all of his telephone calls to his family from prison in order to continue his relationships. He also argues that being in prison constitutes a "material change in his economic circumstances" justifying a modification of his payment schedule. Charles asserts that he has begun taking college courses and vocational carpentry classes at the prison. He states that because of his enrollment in these classes, he will suffer a pay cut. Thus, he would like the Court to defer his restitution payments until he can make the payments without suffering undue hardship.

The Court concludes that Charles has not met his burden to show "material change in economic circumstance that might affect [his] ability to pay restitution." He is in the same financial position as many other prisoners who are paying restitution while in prison, who also must pay $25 per quarter under the Bureau of Prisons program. Additionally, Charles now admits that he will be paid for his participation in the vocational trade course. The college classes are offered as independent studies and will not interfere with Charles' work assignment while in prison. The Court is gratified that Charles is taking advantage of educational opportunities available to him in prison, but concludes that Charles' schooling

does not justify deferment of his restitution payment.

The Court concludes that it did not err in requiring Charles' restitution to be paid immediately and that Charles has not met his burden to show a "material change in economic circumstance that might affect [his] ability to pay restitution." Although the Court concludes that Charles has not met his burden in this matter, in order to clarify Charles' restitution obligations while in prison, the Court hereby amends the Judgment and Commitment in this case to specify a payment schedule while Charles is in prison and on supervised release. The Judgment and Commitment Order will be amended delete the order that Charles' restitution payment is due immediately and to insert language specifying a reasonable payment schedule for an incarcerated defendant.

**B. Credit for Gold Rings**

In a separate argument, Charles asserts that the Government failed to credit his restitution balance with the worth of gold rings formerly in the possession of his co-defendant Paula Carter. The Government has submitted evidence that the gold rings were pawned before Charles' sentencing for $41.50, and that the Government was unable to retrieve them. Charles has not shown that the Government erred in calculating the amount of restitution that Charles currently owes.

In his most recent submission, Charles asks the Court to investigate whether

his co-defendant has discharged her restitution responsibilities. The evidence in the record does not support such a finding.

**IT IS HEREBY ORDERED** that:

1. Defendant James Benjamin Charles' Motion to Defer Restitution Payments During Time of Supervised Release, Instead of During Term of Imprisonment [Docket No. 90] is **DENIED**.

2. The Judgment and Commitment for James Benjamin Charles is amended as follows: Following the phrase appearing under the heading "Schedule of Payments," stating "Payments of the total fine and other criminal monetary penalties shall be due as follows:" the phrase "in full immediately" is hereby replaced with the following language:

> Over the period of incarceration, the defendant shall make payments of either quarterly installments of a minimum of $25 if working non-UNICOR or a minimum of 50 percent of monthly earnings if working UNICOR. It is recommended the defendant participate in the Inmate Financial Responsibility Program while incarcerated. Payments of not less than $50 per month are to be made over a period of 5 years commencing 30 days after release from confinement. Payments are to be made payable to the Clerk, U.S. District Court, for disbursement to the victim.

Dated: January 27, 2007

s / Michael J. Davis
Judge Michael J. Davis
United States District Court